UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:18-CR-44 WHR |
| | : |
| **Plaintiff,** | : **SENTENCING MEMORANDUM** |
| | : |
| vs. | : |
| | : Judge Walter H. Rice |
| **TYLER ULM,** | : |
| | : |
| **Defendant.** | : |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files the attached sentencing memorandum. This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at this defendant's sentencing hearing.

DATED: February 20, 2020    Respectfully submitted,

DAVID M. DEVILLERS
UNITED STATES ATTORNEY

S/Laura I. Clemmens
LAURA I. CLEMMENS (OR 022765)
Assistant United States Attorney
Attorney for Plaintiff
602 Federal Building
200 West Second Street
Dayton, OH    45402
Telephone: (937) 225-2910
Fax: (937) 225-2564

**SENTENCING MEMORANDUM**

**I.**

**INTRODUCTION**

On October 28, 2019, Tyler Ulm entered guilty pleas to: two counts of Production of Child Pornography, in violation of 18 U.S.C. 2251(a) and (e); one count of Distribution of Child Pornography, in violation of 18 U.S.C. 2252(a) (2) and (b) (1); and one count of Commission of a Felony Offense Involving a Minor While Being Required to Register as a Sex Offender, in violation of 18 U.S.C. § 2260A.

Tyler Ulm admits to raping a two-year old child on at least five occasions, and raping a three-year old child on at least two occasions.   He recorded these assaults with his phone, and then freely distributed those photos and videos to recipients eager to view these acts of torture.

Such depraved conduct calls for a sentence commensurate with the gravity of the offense and the harm imposed on the victims and society at large.   A sentence of 720 months of imprisonment meets the goals of sentencing as set forth in 18 U.S.C. § 3553(a) and the United States respectfully requests that the Court sentence Tyler Ulm accordingly.

## II.

## ARGUMENT

**The 3553(a) Factors Support Imposition of a 720 Month Term of Imprisonment**

    **A. Nature and Circumstances of the Offense**

Starting in November 2017, Tyler Ulm, already a registered sex offender, obtained unsupervised access to a 2-year old toddler through an acquaintance. On at least five occasions, he sexually assaulted the toddler, videotaped and photographed the abuse, and then saved and distributed those images to others.

Starting in January 2018, Tyler Ulm sexually assaulted another toddler, this time a 3-year old child, on at least two occasions. Again, he saved and distributed the images he created. Both children were in Tyler Ulm's care, custody, and control during the assaults. There simply are no words for such a breach of trust and responsibility. Tyler Ulm abused these children for his own sexual pleasure, and shared the images with others for the same purpose. In most, if not all, of the videos of the assaults, the children were crying the entire time.

On February 11, 2020, Tyler Ulm was indicted in Montgomery County in case 2019 CR 00433, on six counts related to his federal charges in this case, including: Two counts of Rape of a Child under the age of 10, two counts of Rape of a Child under the age of 13 (Force); and two counts of Gross Sexual Imposition. Tyler Ulm has agreed to enter guilty pleas to all six charges in the Montgomery County Court of Common Pleas as a component of the global plea agreement filed in this case.

In addition to creating child pornography, Tyler Ulm possessed and distributed in excess of two thousand images and 700 videos of child pornography including some of the most horrific acts of depredation and cruelty. A number of them are described in the Presentence Report (PSR). PSR ¶¶ 34, 35, 39, 40.

**B. History and Characteristics of Defendant**

Tyler Ulm is 25 years old.   In his 25 years, he has already accrued a long history of sexual misconduct. He has also faced many challenges in his life.   However, none of those difficulties offer an excuse for his behavior.   The United States does not often ask for such a lengthy sentence, but argues that a sentence of 720 months, as recommended by the U.S. Probation Office is sufficient, but not greater than necessary to reflect the seriousness of these offenses, promote respect for the law, and provide just punishment for the offense.

**C. Sentencing Guidelines Calculation**

Tyler Ulm's total offense level is 43.   PSR ¶ 83.   His criminal history score is III. PSR ¶ 90.   Therefore, his advisory sentencing guideline range is life in prison.   The United States agrees with the advisory guidelines calculation and the sentencing recommendation of the U.S. Probation Office.   A total offense level of 43 and a criminal history category of III results in an advisory guidelines sentence of 240 months for Counts 5 and 8, and a sentence of 120 months for Count 10(each count to run consecutive), an advisory guidelines sentence of 120 months for Count 16 to run consecutive to Counts 5, 8, and 10, for a total of 720 months in the aggregate. As the parties have agreed, the United States recommends that the federal sentence run concurrent to any sentence imposed in Montgomery County Case 2019 CR 0433.

**D. Seriousness of the offense and just punishment.**

There is no question that the production of child pornography is a serious offense.   "As a general matter, the prohibition of child pornography derives from a legislative judgment that such materials are harmful to the physiological, emotional, and mental health of children, and that preventing the sexual exploitation of this uniquely vulnerable group 'constitutes a government objective of surpassing importance." *United States v. Cobler*, 748 F.3d 570, 580 (4th Cir. 2014) cert. denied, 135 S. Ct. 229 (2014) (quoting *New York v. Ferber*, 458 U.S. 747,

757-58 (1982)). "The [child] pornography's continued existence causes the child victims continuing harm by haunting the children in years to come." *Osborne v. Ohio*, 495 U.S. 103, 111 (1990).

Tyler Ulm's conduct was reprehensible. *See e.g., United States v. Faulkner*, 926 F. 3d, 266, 274 (6th Cir. 2019)(affirming sentence of 570 months for defendant who sexually abused 5 year-old niece, produced and distributed the images, repeated the abusive conduct with a second victim, and amassed a large collection of child pornography). "Congress, in conjunction with the Sentencing Commission, has decided to impose significant penalties for child pornography offenses." (*Id.*); see also, *United States v. Bowers*, 594 F.3d 522, 528-29 (6th Cir. 2010).

The recommended aggregate sentence of 720 months is in line with the intent of Congress and would provide just punishment.

### E. Deterrence and Protection of the Public.

Any sentence imposed by the court needs to afford deterrence to future criminal conduct by Tyler Ulm and others. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010); *United States v. Robinson*, 669 F.3d 767, 777 (6th Cir. 2012). The 3553(a) factors relating to deterrence and protecting the public "should be focused on the market for such activities." (*Id.*)(Discussing § 3553(a) (2) (B) and (C)). "The emphasis should be upon deterring the production, distribution, receipt, or possession of child pornography, and not a prediction of future sexual contact with children." (Id.)(Holding that the defendant's previous sentence devoid of a significant period of incarceration, home confinement or substantial fine, undermined the purpose of general deterrence). *See also, United States v. Christman*, 607 F.3d 1110, 1121 (6th Cir. 2010).

Deterrence is of particular importance in this case, because Tyler Ulm's activities constitute the worst of the worst. He didn't only possess, receive, and/or distribute child

4

pornography, he *created* child pornography by raping toddlers – created it for himself and a community of like-minded individuals clamoring for new images of children being sexually abused. He created the demand, and he fed the demand. His sentence should send a clear message to anyone who might even consider engaging in such activities in the future that such conduct would be met with harsh consequences.

Alarmingly, Tyler Ulm managed to commit these acts and was able to victimize two children while he was required to register as a sex offender. This emphasizes the need to incarcerate Tyler Ulm for a lengthy period of time. The guardrails put in place by society to keep children safe from people like Tyler Ulm did not work, instead they failed miserably. Incarceration is the only way to guarantee the safety of innocents in this situation.

### F. Provide the Defendant with Needed Treatment and Education

Tyler Ulm would benefit from counseling and treatment. While in the Federal Bureau of Prisons, Tyler Ulm would be eligible for the Bureau of Prisons Residential Sex Offender Treatment Program, as well as the Sex Offender Management Program. https://www.bop.gov/inmates/custody_and_care/sex_offenders.jsp Given his physical condition, Tyler Ulm would likely benefit from placement at a medical facility.

### G. Restitution

Tyler Ulm is required to pay restitution to all of the identified victims who have requested it. A complete list of the restitution requests and recipients will be provided to the Court prior to sentencing.

//

//

//

## III.

## <u>CONCLUSION</u>

Based on the foregoing, the United States respectfully requests that the Court sentence Tyler Ulm to a term of imprisonment of 720 months.

>
> DAVID M. DEVILLERS
> UNITED STATES ATTORNEY
>
> <u>S/Laura I. Clemmens</u>
> LAURA I. CLEMMENS (OR 022765)
> Assistant United States Attorney
> Attorney for Plaintiff
> 602 Federal Building
> 200 West Second Street
> Dayton, OH     45402
> Telephone: (937) 225-2910
> Fax: (937) 225-2564

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on defendant's counsel this 20th day of February, 2020 via the Court's ECF System.

                                                          s/Laura I. Clemmens
                                                          LAURA I. CLEMMENS
                                                          Assistant United States Attorney